**JS 44** (Rev. 12/07)

PBT

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christopher McDermott

**(b)** County of Residence of First Listed Plaintiff: Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

## DEFENDANTS
**11  7288**
Beneficial Mutual Bancorp, Inc.

County of Residence of First Listed Defendant: Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1001

Brief description of cause:
Recover severance pay

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 11-21-11

SIGNATURE OF ATTORNEY OF RECORD: John E. Kustulius, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NOV 15 2011

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __208 Stone Ridge Road, Norristown PA 19403__   **11   7288**

Address of Defendant: __530 Walnut Street, Philadelphia, PA 19106__

Place of Accident, Incident or Transaction: __N/A__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☐

Does this case involve multidistrict litigation possibilities?      Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: __N/A__   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases     "Erisa"
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __11-21-11__   __John E. Kusturiss, Jr__   __28271__
              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11-21-11__   __John E. Kusturiss, Jr__   __28271__   **NOV 15 2011**
              Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Christopher McDermott | : | CIVIL ACTION |
| v. | : | 11 7288 |
| Beneficial Mutual Bancorp, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 11-21-2011 | John E. Kusturiss, Jr. | Christopher McDermott |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-565-0240 | 610-565-4225 | john@kusturisslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 1 5 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCDERMOTT<br>208 Stone Ridge Road<br>Norristown, PA  19403,<br>              Plaintiff<br><br>v.<br><br>BENEFICIAL MUTUAL BANCORP, INC.<br>530 Walnut Street<br>Philadelphia, PA  19106,<br>              Defendant | CIVIL ACTION No.<br><br>**11   7288**<br><br>COMPLAINT |

Comes now the Plaintiff, Christopher McDermott, by and through his attorney, John E. Kusturiss, Jr., Esquire, for his Complaint against the Defendant, Beneficial Mutual Bancorp, Inc. (hereinafter "Defendant") and states as follows:

**Jurisdiction and Venue**

1. This suit is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. 1001, et seq. to recover the payment of severance pay.

2. Jurisdiction is conferred on this Court by virtue of Title 29 U.S.C. 1132(d) (e) & (f) and 28 U.S.C. 1331.

3. The ERISA statute provides for a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Venue is proper in this District of Pennsylvania by virtue of Title 29 U.S.C. 1132(e) (2) and 28 U.C.S. 1391(b).

**Nature of Action**

5. This is a claim seeking an award to Plaintiff of severance income benefits under Severance Pay Plan for Eligible Employees of Beneficial Mutual Savings Bank

(the "Plan") providing 6 months of severance pay to employees of Beneficial Bank at the Vice President level. This action seeking the recovery of benefits is brought pursuant to Section 502 (a) (1) (B) of ERISA (29 U.S.C. 1132(a)(1)(B).

### The Parties

6. Plaintiff, Christopher McDermott, resides at 208 Stone Ridge Drive, Norristown, Pennsylvania which is located in the Eastern District of Pennsylvania.

7. Defendant, Beneficial Mutual Bancorp, Inc., maintains its corporate office at 530 Walnut Street, Philadelphia, Pennsylvania which is located in the Eastern District of Pennsylvania.

### Claim for Benefits

8. Plaintiff was hired as a Vice President for Defendant, Beneficial Bank, on March 15, 2010.

9. On March 23, 2011, Plaintiff received a Memorandum referencing "Separation from Employment," which stated that Plaintiff's employment with Beneficial Bank was being terminated effective March 25, 2011. A copy of said Memorandum is attached hereto as Exhibit "A."

10. In the Memorandum, Plaintiff was advised that he would be paid his regular base salary through March 25, 2011, but that in addition he was being offered a severance package in connection with his employment termination. A copy of the Severance Agreement and General Release attached to the Memorandum is attached hereto as exhibit "B."

11. Pursuant to the attached Severance Agreement and General Release, Defendant was offering Plaintiff an additional two (2) weeks of severance pay in the

gross amount of Five Thousand One Hundred Ninety Two Dollars ($5,192.00) if he agreed to the release of claims language contained in the agreement.

12. Because Plaintiff is and was entitled to more than two (2) weeks of severance income, as he had been employed as a Vice President with Defendant, Beneficial Bank, Plaintiff did not sign the release and hired counsel to investigate this matter.

13. As a Vice President according to Appendix A – "Severance Benefits" Eligible Employees at the level of Vice President and above will receive a minimum Severance Benefit of 26 Weeks of Pay.

14. On or about May 6, 2011, Plaintiff's attorney sent a letter to Cecile C. Colonna, Senior Vice President – HR Department Manager, attached hereto as Exhibit "C," wherein Ms. Colonna was advised that Plaintiff was represented by Mr. Kusturiss, that Plaintiff was disputing the amount of the benefit offered to him and that this letter was to serve as Plaintiff's claim for the severance payments due to him as a Vice President.

15. On July 22, 2011, Plaintiff received a letter from Cecile C. Colonna wherein she indicated that The Compensation Committee of Beneficial Mutual Saving Bank had thoroughly reviewed Plaintiff's claim and determined that Plaintiff was not a Vice President and therefore was only entitled to two (2) weeks of Severance pay. See letter attached hereto as Exhibit "D."

16. On August 2, 2011, Plaintiff's counsel sent a letter to Ms. Colonna appealing the adverse determination denying Plaintiff's severance benefits as a Vice

President and asking for copies of all documents, records, and other information relevant to his claim for benefits. See letter attached hereto as Exhibit "E."

17. On September 28, 2011, Plaintiff's counsel received a letter from Ms. Colonna wherein she again indicated that The Compensation Committee of Beneficial Mutual Savings Bank had reviewed the appeal and that the appeal of Plaintiff's claim is denied. The letter went on to state that if counsel disagreed with the determination that Plaintiff was entitled to file a law suit to recover such benefits under section 502(a) of ERISA. See letter attached hereto as Exhibit "F"

18. The September 28, 2011 denial letter was arbitrary and capricious and failed to give any justification or explanation for their denial of Severance Pay under Plaintiff's status as a Vice President.

19. The documents submitted by Defendant in his May 6, 2011 Claim letter, provided substantial evidence that Plaintiff was employed as a Vice President with Beneficial Bank.

20. Plaintiff was provided business cards by Defendant wherein he was identified as a Vice President of Commercial Lending.

21. The cover page from his performance record with Defendant listed his job title as Vice President Business Loan Specialist.

22. Plaintiff signed numerous transfer forms for clients authorizing fund transfers which only can be authorized by Vice Presidents.

23. Plaintiff was a Vice President with Beneficial Mutual Bancorp, Inc., and as such, is entitled to receive a minimum Severance Benefit of 26 Weeks of Pay.

24. Defendant's decision to deny Plaintiff of this severance pay in light of the evidence presented and without citing to evidence to the contrary is arbitrary and capricious.

25. Defendant owes Plaintiff a severance benefit of 26 weeks of pay effective March 25, 2011.

WHEREFORE Plaintiff, Christopher McDermott, demands judgment against Defendant, as follows:

    a. Ordering Defendant, Beneficial Mutual Bancorp, Inc., to pay Plaintiff a severance benefit of 26 weeks pay effective March 25, 2011;

    b. Awarding Plaintiff prejudgment interest from March 25, 2011 until the date of Judgment;

    c. Awarding Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g), court costs, and all other reasonable costs, and

    d. Granting Plaintiff such other and further relief as this Court may deem just and proper.

JOHN E. KUSTURISS, JR., P.L.L.C.

John E. Kusturiss, Jr., Esquire
323 East Front Street
Media, PA 19063
(610) 565-0240

Dated: 11/17/11



## MEMORANDUM

**TO:** Christopher Mcdermott
**DATE:** March 23, 2011
**RE:** Separation from Employment

As has been discussed with you, your employment with Beneficial will terminate effective March 25, 2011. Employees were selected for employment termination based on a number of reasons, including expense reduction, job function and job performance.

You will be paid your regular base salary through March 25, 2011.

In addition, you are being offered a severance package (including severance pay and continuation of medical benefits) in connection with your employment termination. Beneficial advises you to consult with an attorney about the terms of this severance offer, including the Severance Agreement and General Release. Information regarding this offer is contained in this package. You will find:

- Severance Pay Plan for Eligible Employees of Beneficial Mutual Bancorp, Inc. ("the Plan"), which describes the severance benefits being offered;

- Severance Agreement and General Release, which you must sign and return if you wish to receive the severance benefits;

- Information relating to ages and job titles of others selected and not selected for employment termination, and eligible or not eligible for the severance benefit.

If you choose not to sign the Severance Agreement and General Release, you will not receive the severance benefits described in the Plan, but you will receive your regular base salary through March 25, 2011. You will receive separate notice, on or after that date, regarding your benefits upon termination of your employment.

We appreciate your service during your employment with Beneficial. We wish you the best in your future endeavors.

Exhibit "A"

## SEVERANCE AGREEMENT AND GENERAL RELEASE

This Severance Agreement and General Release ("Agreement") is between Beneficial Mutual Bancorp, Inc., a federally chartered corporation, and Beneficial Mutual Savings Bank, a Pennsylvania chartered savings bank (collectively, "Employer"), and Christopher Mcdermott ("Employee").

WHEREAS, Employee's employment with Employer will terminate effective March 25, 2011 ("Termination Date"); and

WHEREAS, Employer and Employee desire to resolve any and all matters, claims, controversies, disputes, or grievances relating to Employee's employment or separation from employment with Employer;

NOW, THEREFORE, in consideration of the mutual promises and commitments made herein, and intending to be legally bound hereby, Employer and Employee agree as follows:

1. Employee's employment with Employer will terminate effective as of the Termination Date. Employer will pay Employee his/her regular base salary, on Employer's regular payroll schedule, through the Termination Date. Employee acknowledges and agrees he/she has received all compensation and other benefits to which he/she is entitled, including payment for all earned but unused vacation days, through the Termination Date.

2. In consideration of Employee's agreements herein, and in accordance with the terms of the Severance Pay Plan for Eligible Employees of Beneficial Mutual Bancorp, Inc. ("the Severance Plan"), as amended and restated effective March 9, 2009, copy of which Employee acknowledges he/she has been provided,

    (a) Employee will receive as Severance Pay the gross pay amount of $5,192 representing two Weeks of Pay for each Year of Service (as those terms are defined in the Severance Plan), at Employee's regular weekly base salary, less normal withholdings ("the Severance Pay"), paid in accordance with Employer's regular payroll schedule. These payments will not begin until Employee returns this signed Agreement and will not be made until the expiration of the seven day revocation period set forth in paragraph 15 below, provided this revocation period has expired without Employee revoking this Agreement. Employee understands that he/she may not execute this Agreement prior to the Termination Date. This payment is not compensation for past services rendered.

    (b) COBRA benefits will be available to Employee on the terms described in Appendix A to the Severance Plan.

3. By entering into this Agreement, Employer does not admit that it is liable to Employee for anything on account of any reason whatsoever.

4. Employee agrees to keep this Agreement and its terms and conditions confidential, and agrees not to disclose or discuss the fact of or the contents, terms, or conditions

Exhibit "B"

of this Agreement except to his/her respective attorneys, accountants and members of his/her immediate family.

5. Employee agrees to cooperate with and to respond promptly to Employer's reasonable requests for information relating to Employee's job duties with Employer.

6. Employee agrees to refrain from disclosing to anyone any proprietary or confidential information of Employer, including without limitation that confidential information defined in any policy or agreement signed by him/her about or relating to Employer, its past and present parents, subsidiaries, divisions and related and affiliated organizations, and their respective past and present employees, clients, visitors, and business operations. Employee acknowledges and agrees that his/her obligations under the terms and conditions of any such policies or agreements are and will remain in full force and effect after the termination of his/her employment.

7. Employee shall return to Employer any and all property of Employer, including but not limited to any of Employer's electronic equipment, letters, memoranda, records, reports, notes, notebooks, books of account, data, drawings, prints, plans, specifications, formulae and correspondence or copies of the same (including any electronically stored copies), information or property in his/her possession or control about or relating to Employer, its past and present parents, subsidiaries, divisions and related and affiliated organizations, and their respective past and present employees, clients, visitors, and business operations.

8. Employee hereby releases and forever discharges Employer and its past and present parents, subsidiaries, divisions and related and affiliated organizations, and their respective officers, shareholders, directors, attorneys, agents, servants and employees and their successors, heirs and assigns from all causes of action, claims, debts, accounts, controversies, sums of money, contracts, promises, agreements, judgments, demands, and liabilities of any kind or nature whatsoever in law, in equity, or otherwise, whether known or unknown, whether asserted or unasserted, including without limitation any and all claims for employment discrimination, wrongful discharge, compensation, benefits, bonuses, incentives, expenses, options, wages, severance pay, vacation pay, fringe benefits, or other monies or accountings, including punitive damages, liquidated damages, exemplary damages, or compensatory damages, physical, mental, or emotional distress, pain and suffering, back pay, front pay, costs, and attorneys' fees, and any other legal or equitable relief, and further including without limitation any and all rights and claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, as amended, the Pennsylvania Human Relations Act, or claims relating to Employee's employment or separation from employment with Employer or any other cause, reason, matter, or thing whatsoever arising up until the date of Employee's execution of this Agreement, except that this release does not extend to claims for worker's compensation benefits, amounts owed under this Agreement, claims for vested employee benefits under the Employee Retirement Income Security Act, claims relating to the validity or enforcement of this Agreement, or other non-waivable claims.

9. Employer and Employee agree that, to the full extent permissible by law, the terms of this Agreement shall be interpreted under and consistent with the laws of the

Commonwealth of Pennsylvania and federal law and that to the full extent provided by law the federal and/or state courts within the Commonwealth of Pennsylvania shall have jurisdiction over any claims arising out of this Agreement.

10. Employee agrees, subject to any obligations he/she may have under applicable law, that he/she will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of the Employer or any of its affiliates, subsidiaries, agents, officers, directors or employees.

11. If any court of competent jurisdiction shall hold invalid any part of this Agreement, then the court making such determination shall have the right to modify this Agreement and in its reduced form this Agreement shall be enforceable to the fullest extent permitted by law. If any provision or part of a provision of this Agreement is held to be invalid or unenforceable, such provision shall be severed from this Agreement and the remaining provisions shall remain in full force and effect. This paragraph shall be interpreted to give the fullest possible effect to Employee's release of claims.

12. This document states the whole agreement between the parties as to its terms and supersedes all prior or contemporaneous agreements, offers, representations, negotiations or discussions with respect to such subject matters. Any changes to this Agreement must be in writing and initialed or signed by both parties. Employee understands and acknowledges that in deciding whether to sign this Agreement, he/she is not relying on any promises, statements or representations, oral or written, other than those that are set forth expressly in this Agreement.

13. Upon the death of the Employee, any Severance Pay due but not yet paid will be paid, in accordance with all other provisions of this Agreement, to Employee's estate. Employee understands and acknowledges that he/she otherwise may not assign his/her right to any payment under this Agreement.

14. Employee agrees that he/she will not file, or permit to be filed in his/her name or on his/her behalf, any lawsuit in court against any of the persons or entities released in this Agreement, based upon any act or event which occurred on or before his/her execution of this Agreement. Employee further agrees that, although he/she has the right to file a charge with the Equal Employment Opportunity Commission, should he/she file such a charge, or should any charge, lawsuit, complaint or other claim be filed in his/her name or on his/her behalf with the Equal Employment Opportunity Commission or with any other administrative agency or organization, or in any other forum, against any of the persons or entities released herein, based upon any act or event which occurred on or before the effective date of this Agreement, he/she will not seek or accept any personal relief based upon such charge, lawsuit, complaint or other claim, including but not limited to an award of monetary damages or reinstatement to his/her employment with Employer.

15. Employee hereby represents and acknowledges to Employer that (a) Employer has advised Employee in writing to consult with an attorney of his/her choosing and he/she has had the opportunity to so before signing this Agreement; (b) Employee has the right to consider whether to sign this Agreement for up to 45 days after his/her receipt of it, although he/she need not take the

3

entire 45-day period to consider whether to sign it; (c) Employee may not sign this Agreement until his/her Termination Date; (d) Employee has seven (7) days after signing this Agreement in which to revoke it by delivering a written notice of such revocation to Beneficial Mutual Savings Bank, addressed to: Cecile C. Colonna, Senior Vice President - Human Resources Director, Beneficial Mutual Savings Bank, 530 Walnut Street, Philadelphia, PA  19106; phone – 215-864-6094; fax 215-864-1759; e-mail – ccolonna@thebeneficial.com; (e) Employee has been informed as to the group of individuals covered by the employment termination program, any eligibility factors and applicable time limits for the employment termination program, and the job titles and ages of individuals in Employee's job classification or organizational unit who are eligible for or selected to receive benefits under the employment termination program, and the job titles and ages of individuals who are not eligible or not selected; and (f) the consideration provided Employee under this Agreement is sufficient to support the releases provided by him/her under this Agreement and is greater than Employee would be entitled to receive if he/she did not sign this Agreement. Employee understands that Employer regards the representations made by him/her as material and that Employer is relying on these representations in entering into this Agreement. Employee acknowledges and agrees that the Employer's obligation to make payments or provide other benefits under this Agreement will not commence until the period for revocation has passed and this Agreement becomes irrevocable by Employee.

Employee declares that he/she has completely read, fully understands and voluntarily accepts the terms of this Agreement after complete consideration of all facts and legal claims.

IN WITNESS WHEREOF, the parties have entered into this Agreement as of the last date indicated below.

_____   Dated:_____
Employee

_____   Dated:_____
WITNESS


Beneficial Mutual Bancorp, Inc.

By:_____   Dated:_____

Title:_____


_____   Dated: _____
WITNESS

Law Offices
## JOHN E. KUSTURISS, JR., P.L.L.C.
Attorneys at Law
323 East Front Street
Media, Pennsylvania 19063
Tel: 610-565-0240 ♦ (Fax) 610-565-4225

| | |
|---|---|
| **John E. Kusturiss, Jr., Esquire**<br>e-mail: john@kusturisslaw.com<br>*Also Member of New Jersey and DC Bars* | **Alyssa Kusturiss Poole, Esquire**<br>e-mail: alyssa@kusturisslaw.com<br>*Also Member of New Jersey Bar* |

May 6, 2011

***VIA CERTIFIED MAIL ARTICLE #: 7010 1670 0002 2783 7577***
Benefits Committee
c/o Cecile C. Colonna
Human Resources Department Manager
Beneficial Mutual Bancorp, Inc.
530 Walnut Street
Philadelphia, PA 19106

      RE:    Severance Benefits
               Christopher McDermott, Vice President Commercial Lending
               Plan #: 507

Dear Ms. Colonna:

      Please be advised that I represent Christopher McDermott regarding a claim for severance benefits from Beneficial Mutual Bancorp, Inc. Please take this letter as a statement on behalf of my client Christopher McDermott, that he disputes the amount of the benefit offered to him on March 23, 2011, in the memorandum titled "Separation from Employment" with the accompanying Severance Agreement and General Release. Please accept this letter as a claim with the plan for severance benefits due him as the Vice President of Beneficial Mutual Bancorp, Inc. In support of this claim that he is a Vice President, enclosed please find the following documents.

      1.    A business card given to him by the bank identifying him as Vice President Commercial Lending;

      2.    The cover page from his performance record listing his job title as Vice President Business Loan Specialist;

      3.    A copy of a beneficial savings bank funds transfer request form. As can be seen this form must be authorized by a vice president of the bank. Mr. McDermott signed numerous transfer forms for clients as a vice president. These should be within the records of the bank;

      4.    An irrevocable stand by letter of credit application prepared by the bank approved by the banks' attorneys, listing Christopher McDermott, vice president on behalf of Beneficial Mutual Savings Bank;

      5.    An irrevocable stand by letter of credit #1218 once again prepared by the bank approved by the banks' attorneys and signed on behalf of the bank by Christopher E. McDermott,

Exhibit "C"

title vice president;

    6.    An irrevocable stand by letter of credit application prepared by the bank approved by the banks' attorneys and signed on behalf of the bank by Christopher McDermott, vice president.

These are just a few examples where the bank held out to the public as well as to itself internally that Christopher McDermott was in fact a vice president while employed by the bank. According to the severance benefits appendix A which was given to Mr. McDermott as a vice president, he would be entitled to receive twenty-six (26) weeks of pay. I am sure you can appreciate my confusion as to how the bank can hold Mr. McDermott out to the public as a vice president and then try to say for severance purposes he was not.

Should you wish to discuss this claim or need additional information from me, please contact me as noted above.

We look forward to a claim determination in the allotted time.

                      Very truly yours,

                      John E. Kusturiss, Jr.

JEK/mnh  
Enclosures  
cc:    Christopher McDermott



July 22, 2011

Mr. Christopher McDermott
208 Stone Ridge Drive
Norristown, PA  19403

Dear Mr. McDermott:

This is in response to your claim for additional benefits under Severance Pay Plan for Eligible Employees of Beneficial Mutual Savings Bank (the "Plan").

The Compensation Committee of Beneficial Mutual Savings Bank (the "Plan Administrator") has thoroughly reviewed and researched your claim for benefits. The claim is based upon your understanding that you were a "Vice President" of Beneficial Mutual Savings Bank ("the Company") at the time of your termination on March 25, 2011.

The Plan Administrator has determined that, on the basis of official documentation of your employment with the Company; including your formal offer letter (which you signed), participation in the paid time off policy, documentation on your pay stubs, and other internal documentation, you were not a Vice President of the Company at the time of your termination. Accordingly, under Section V and Appendix A of the Plan, you are entitled to two (2) weeks severance from the Plan.

### Asking for Review of a Denied Claim/Claims Appeal Procedure

If you disagree with a determination of the Plan Administrator regarding your benefit, you are entitled to a review. If your claim for benefits is denied, in whole or part, you or your duly authorized representative may file an appeal of the adverse determination with the Board of Trustees which will review your claim and the initial adverse determination. You or your duly authorized representative must file your appeal of the denial within 60 days after you receive notification that your benefit claim is denied. You will have the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits. In addition, you will be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits. A document, record, or other information will be considered "relevant" to a claim if such document, record, or other information (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; or (iii) demonstrates compliance with administrative processes and safeguards, to the extent required by regulations and other guidance of general applicability issued by the Department of Labor.

In its review the Plan Administrator will take into account all comments, documents, records, and other information submitted relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

The Plan Administrator will review your claim within 60 days after the Plan Administrator's receipt of your written request for review of your claim. There may be special circumstances when this 60-day period may be extended by the Plan Administrator to up to 120 days after receipt by the Plan Administrator of your request for review of your claim. You will receive advance written notice of an extension of the 60-day review period prior to the expiration of the initial 60-day period which will state the reasons for this extension and the date by which the Plan Administrator expects to render its benefit determination. You may, but are not obligated to, agree to any other extension of time for a decision on your appealed claim. The period of time within which a benefit determination on review is required to be made will begin at the time an appeal is filed, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that the review period is extended due to your failure to submit information necessary to decide a claim, the period for making the benefit determination on review will be suspended from the date on which the notification of the extension is sent to you until the earlier of 45 days from the date of such notification or the date on which you respond to the request for additional information. If you do not provide the requested information, your claim may be denied on appeal. The Plan Administrator will provide you with written or electronic notice of its decision on your appealed claim.

If your claim is denied on appeal, the Plan Administrator's decision on your claim on appeal will be communicated to you in writing and will contain (i) the specific reason or reasons for the adverse determination; (ii) reference to the specific Plan provisions on which the benefit determination is based; (iii) a statement that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claim for benefits; and (iv) a statement describing your right to file a law suit under section 502(a) of ERISA.

An appeal of a denied claim must be made in writing and addressed to:

> Plan Administrator, Severance Pay Plan for Eligible Employees of Beneficial Mutual Savings Bank
>
> c/o Cecile C. Colonna
> Senior Vice President –Human Resources Department Manager
> Beneficial Mutual Savings Bank
> 530 Walnut Street
> Philadelphia, PA  19106
> (215) 864-6094

Sincerely,

*Cecile Colonna*

Cecile C. Colonna
SVP, Human Resources Department

✓ cc: John Kusturiss, Jr.

Law Offices
## JOHN E. KUSTURISS, JR., P.L.L.C.
Attorneys at Law
323 East Front Street
Media, Pennsylvania 19063
Tel: 610-565-0240 ◆ (Fax) 610-565-4225

**John E. Kusturiss, Jr., Esquire**
e-mail: john@kusturisslaw.com
*Also Member of New Jersey and DC Bars*

**Alyssa Kusturiss Poole, Esquire**
e-mail: alyssa@kusturisslaw.com
*Also Member of New Jersey Bar*

**August 2, 2011**

***VIA CERTIFIED MAIL ARTICLE #: 7010 1670 0002 2783 7645***
Plan Administrator, Severance Pay Plan for Eligible Employees of
Beneficial Mutual Savings Bank
c/o Cecile C. Colonna, Senior Vice President - HR Department Manager
Beneficial Mutual Savings Bank
530 Walnut Street
Philadelphia, PA 19106

    RE:    Severance Benefits
               Christopher McDermott
               Plan #: 507

Dear Ms. Colonna:

      Please be reminded that I represent Christopher McDermott regarding a claim for severance benefits from Beneficial Mutual Bancorp, Inc. Please take this letter as an appeal of the adverse determination denying Mr. McDermott's severance benefits as a Vice President.

      As part of the appeal I refer to the documents supplied to you in my May 6, 2011 letter, supporting Mr. McDermott's claim that he was in fact a Vice President. Should the board of trustees need a new copy of the documents submitted with my May 6, 2011 letter, please let me know that and I will be happy to make another copy.

      I am at this time requesting on behalf of Mr. McDermott that we be provided copies of all documents, records, and other information relevant to his claim for benefits. Should that be to voluminous to copy then I would request that arrangements be made for Mr. McDermott and I to come to Beneficial Mutual Savings Bank and view the documents. The documents should include any attorney notes if an attorney participated on deciding the issue of entitlement. In addition to the aforementioned documents I am also requesting a copy of all loan documentation originated by Mr. McDermott in possession of the bank and any and all wire transfers that were authorized by Mr. McDermott. This should also include a copy of the written authorization to the wire transfer department instructing them to accept Mr. McDermott's signature approving wire signatures. I am also requesting a list of all bank personnel including in house and outside counsel that reviewed and approved the loan documentation. Finally I would like a copy of all emails between Andrew Miller, Gerald Cuddy, Elizabeth Barr, and Robert Maines discussing Mr. McDermott's hire.

Exhibit "E"

Plan Administrator, Severance Pay Plan for Eligible Employees of
Beneficial Mutual Savings Bank
c/o Cecile C. Colonna ,Senior Vice President - HR Department Manager
Page Two
August 2, 2011

    We reserve the right to comment and present additional documentation following our review of the above requested documents.

    I look forward to hearing from you in the near future regarding the requested documents.

Very truly yours,<br><br>John E. Kusturiss, Jr.

JEK/mnh
cc:    Christopher McDermott



September 28, 2011

John E. Kusturiss, Jr., PLLC
323 East Front Street
Media, PA   19063

Mr. Kusturiss:

This is in response to your letter appealing the denial of Mr. McDermott's claim for additional benefits under Severance Pay Plan for Eligible Employees of Beneficial Mutual Savings Bank (the "Plan").

The Compensation Committee of Beneficial Mutual Savings Bank (the "Plan Administrator") has reviewed the appeal.

Although no additional information directly supporting Mr. McDermott's claim was provided with the appeal, the Plan Administrator reviewed available records, including certain of those referenced in your appeal. The Plan Administrator's prior determination that Mr. McDermott was not a Vice President of the Company under the terms of the Plan at the time of his termination is affirmed, and the appeal of his claim is hereby denied.

In response to your request for documents, the Plan Administrator has included, as an enclosure to this correspondence, copies of all records relevant to Mr. McDermott's claim, as described in ERISA Regulations §2560.503-1(m)(8).

If you disagree with this determination regarding Mr. McDermott's claim you are entitled to file a law suit to recover such benefits under section 502(a) of ERISA.

Sincerely,

*Cecile Colonna*

Cecile C. Colonna
SVP, Human Resources